**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| VINMAR OVERSEAS, LTD., Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1065 |
| | § | |
| INDEPENDENCE RENEWABLE ENERGY CORPORATION, Defendant. | § | |

**MEMORANDUM AND ORDER**

This breach of contract case is before the Court on the Motion to Dismiss or, in the Alternative, to Transfer ("Motion") [Doc. # 4] filed by Defendant Independence Renewable Energy Corporation ("IREC") seeking dismissal for lack of personal jurisdiction or improper venue or, in the alternative transfer to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404(a). Plaintiff Vinmar Overseas, Ltd. ("Vinmar") filed a Response [Doc. # 9] opposing the Motion, and Defendant filed a Reply [Doc. # 10]. Having reviewed the full record and the applicable legal authorities, the Court **grants** the Motion to Transfer.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Vinmar is a Bahamian corporation with its principal place of business in Houston, Texas. IREC is an Alabama corporation with its principal place of business in Alabama. In October 2007, Vinmar and IREC entered into a contract for the sale

of biodiesel fuel. The contract provided that it would be governed by and construed in accordance with the laws of the State of Alabama. The contract also provided for jurisdiction in the United States District Court for the Southern District of Alabama.[1]

Less than two weeks later, IREC informed Vinmar that it could not perform under the contract because the Alabama Department of Environmental Management closed one of IREC's facilities based on alleged air permit violations. IREC asserted the force majeure provision of the parties' contract.

Vinmar filed suit against IREC in Texas state court. IREC removed the case to federal court, asserting this Court's jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a)(1). IREC then filed a Motion to Dismiss, asserting that this Court lacks personal jurisdiction and that venue is inappropriate in this district. Alternatively, IREC moved for the transfer of this case to the Southern District of Alabama pursuant to 28 U.S.C. § 1404(a). The Motion has been fully briefed and is now ripe for decision.

---

[1] The clause reads "Jurisdiction: United States District Court for the Southern District of Alabama." Plaintiff argues that the clause is only permissive, citing *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955 (5th Cir. 1974). Although the distinction between permissive and mandatory forum selection clauses could be relevant to the personal jurisdiction and venue arguments, the clause is a "significant factor" in the § 1404(a) analysis even if it is permissive. *See Brown v. Petroleum Helicopters, Inc.*, 347 F. Supp. 2d 370, 373 (S.D. Tex. 2004); *Interactive Music Tech., LLC v. Roland Corp.*, 2008 WL 245142, *3 (E.D. Tex. Jan. 29, 2008).

## II. ANALYSIS FOR § 1404(a) TRANSFER

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a); *Casarez v. Burlington Northern/Santa Fe Co.*, 193 F.3d 334, 339 (5th Cir. 1999); *Harris County v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 319 (5th Cir. 1999). The party requesting transfer pursuant to § 1404(a) generally has the burden of showing that the case should be transferred. *See Evans v. Cornell*, 2007 WL 2021765, *1 (S.D. Tex. July 10, 2007) (citing *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)). The existence of a forum selection clause, while not dispositive, is a significant factor in the § 1404(a) analysis. *Brown v. Petroleum Helicopters, Inc.*, 347 F. Supp. 2d 370, 373 (S.D. Tex. 2004).

"The threshold issue under § 1404(a) is whether the plaintiff's claim could have been filed in the judicial district to which transfer is sought." *Ecoproduct Solutions, L.P. v. MMR Constructors, Inc.*, 2007 WL 4414039, *1 (S.D. Tex. Dec. 14, 2007) (citing *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004)). This case could have been brought in the Southern District of Alabama because Defendant is located there and because the contract was to be performed in that district.

The Court must consider both private and public factors to decide whether the Southern District of Alabama would be more convenient for the parties and witnesses

and whether the interests of justice would best be served by transfer. One factor is the Plaintiff's choice of forum. A plaintiff's choice of forum is generally entitled to considerable deference, but it is not conclusive and can be outweighed by the private and public factors discussed below. *See Ecoproduct*, 2007 WL 4414039 at *2 (citing *In re Horseshoe Entertainment*, 337 F.3d 429, 434-35 (5th Cir. 2003)). In this case, Plaintiff is a Bahamian corporation with its principal place of business in Houston, Texas. Plaintiff agreed, however, in its contract with IREC to the jurisdiction of the Southern District of Alabama as an appropriate forum for this lawsuit.

The private factors include: (1) the relative ease of access to evidence; (2) the availability of obtaining the attendance of unwilling witnesses and the cost of attendance for willing witnesses; (3) the place of the alleged wrong; and (4) any other practical issues that make trial of a case more easy, expeditious and inexpensive in the transferee district. *See Ecoproduct*, 2007 WL 4414039 at *1 (citing *In re Volkswagen AG*, 371 F.3d at 203). Each of these private factors weighs in favor of transfer to Alabama. Most, if not all, of the witnesses and documents relevant to the dispositive issue in this case are located in Alabama. The witnesses include employees of the Alabama Department of Environmental Management, who may not be subject to the subpoena power of this district court and for whom the cost of travel to Houston, should they attend trial voluntarily, could be substantial. The contract provided for

delivery of the fuel by IREC in Alabama, and the alleged breach occurred when IREC – in Alabama – invoked the force majeure provision of the contract. As was noted above, the parties in their private contract agreed that Alabama law would govern and that jurisdiction in the United States District Court for the Southern District of Alabama was appropriate. The private factors weigh in favor of transfer.

The public factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law." *Ecoproduct*, 2007 WL 4414039 at *1 (citing *In re Volkswagen*, 371 F.3d at 203). There is no evidence regarding the relative congestion of the dockets of the Southern District of Alabama and the Southern District of Texas, or that resolution of the dispute is likely to be delayed by transfer. The Southern District of Alabama has a greater local interest than the Southern District of Texas in enforcing contractual rights imposed by contracts to be performed in Alabama and as to which the actions of the Alabama Department of Environmental Management allegedly interfered. This is particularly true where, as here, it is highly questionable whether there is personal jurisdiction over Defendant in this district and, if it were later determined that personal jurisdiction did not exist, litigating the case is this district would waste limited judicial

resources.[2] The contract provides that it will be governed by and construed in accordance with the laws of the State of Alabama, law with which the Southern District of Alabama is clearly more familiar. There are unlikely to be any significant conflict of laws issues. The Court finds that the public factors weigh heavily in favor of transfer of this case to the Southern District of Alabama.

Plaintiff, a Bahamian corporation with its principal place of business in Houston, chose to file this lawsuit here rather than in the federal district specified in the subject contract. The forum selection clause – whether mandatory or permissive – and the private and public factors weigh heavily in favor of transfer to the Southern District of Alabama for the convenience of the parties and witnesses, and in the interest of justice.

## III. CONCLUSION AND ORDER

The convenience of the parties and witnesses, and the interests of justice, heavily favor transfer of this case to the Southern District of Alabama. Accordingly, it is hereby

**ORDERED** that Defendant's Motion [Doc. # 4] is **GRANTED** to the extent that this case is **TRANSFERRED** to the United States District Court for the Southern

[2] Because the § 1404(a) factors weigh heavily in favor of transfer of this case to the Southern District of Alabama, the Court has not conducted a complete analysis of the personal jurisdiction and venue issues.

District of Alabama pursuant to 28 U.S.C. § 1404(a). The Court will issue a separate Transfer Order.

SIGNED at Houston, Texas, this **15th** day of **May, 2008**.

Nancy F. Atlas
United States District Judge